## ABENDROTH *v.* DURANT.

*(District Court, S. D. New York.   April 14, 1880.)*

BANKRUPTCY—RES ADJUDICATA—ESTOPPEL.—An assignee in bankruptcy is not estopped by the record of a personal judgment.

*Wm. H. Arnoux,* for plaintiff.

*C. Norwood,* for defendant.

CHOATE, J. This is a suit brought by the assignee in bankruptcy of John Griffith and George W. Wundrum, who were adjudicated bankrupts as partners composing the firm of Griffith & Wundrum, against the defendant, to recover the sum of $955.15, alleged to be due for work, labor and material furnished by the firm to the defendant before the bankruptcy. The only defence attempted is that the firm of Griffith & Wundrum consisted of John Griffith, George W. Wundrum and William P. Abendroth, and not of John Griffith and George W. Wundrum alone, and that, therefore, the adjudication of these two bankrupts as composing the firm, and the appointment of the plaintiff as their assignee in bankruptcy, are wholly void, on the ground that the statute only authorizes, in case of copartnerships, the adjudication of

all the copartners; and to sustain this defence there has been produced in evidence the record of a suit in a state court, commenced by the present defendant, Durant, as plaintiff, against Griffith, Wundrum and Abendroth, since the adjudication and appointment of the assignee in this matter, which record, it is claimed, estops the plaintiff in this action to deny that he, together with Griffith and Wundrum, constituted the firm.

The suit was on promissory notes of the firm of Griffith & Wundrum. The complaint alleged that Abendroth, Griffith & Wundrum constituted the firm. Abendroth alone appeared and defended the action. In his answer he denied that he was a general partner in the firm of Griffith & Wundrum, and alleged that said firm was a limited partnership, under the laws of New York, and that he was the special partner. It does not appear by the record that the defendants Griffith & Wundrum were served with process, but it is recited that they made default. The issue raised by the answer was tried and determined in favor of the plaintiff in that suit. The finding of the court was that Abendroth was a general partner, and the plaintiff had judgment, which was affirmed by the court of appeals.

It is contended on the part of the defendant that this adjudication in the state court, being on the precise question as to whether Abendroth was a general partner, and being later in time than the adjudication of the bankruptcy court that the firm was composed of Griffith & Wundrum alone, is conclusive against Abendroth, so that he cannot dispute or question the fact so found against him. But it is a complete answer to this alleged estoppel that the present suit is not brought by Abendroth individually, but by him in his representative capacity, as assignee in bankruptcy. A judgment estops only the parties to the suit, nominal or real, and their privies; and the plaintiff in this suit is not the same person or party who was defendant in the suit in the state court. Abendroth sues here as representing the estate of the bankrupts. He is suing merely as trustee, or as an officer of the court, and his rights, as such trustee or officer, are the rights

of the creditors of the bankrupts. It is a mere accident that he and not another happens to be the assignee, who by virtue of his office must sue, and the rights of the estate he represents cannot be affected by his being personally estopped, as against this defendant, to deny that he was a member of the firm, if such is the fact.

The judgment in the state court was against Abendroth alone. It cannot, therefore, be said to be a conclusive determination against Griffith & Wundrum, named as defendants in the summons and complaint, and against Abendroth, as being in privity with them. Nor could a judgment by default against them operate as an estoppel against their successor in interest, in a suit in another cause of action. "A judgment by default only admits, for the purpose of the action the legality of the demand or claim in suit; it does not make the allegations of the declaration or complaint evidence in an action upon a different claim." *Cromwell* v. *County of Sac,* 94 U. S. 356.

It is unnecessary, therefore, to determine what effect as an estoppel the judgment in the state court might have against Abendroth in any possible proceedings between him individually and this defendant, with reference to their rights as creditors or debtors of this bankrupt estate, or to consider the other points raised and argued at the trial.

Judgment for plaintiff, with costs.